John A. Freedman (*pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, DC 20001
Tel. 202-942-5000
john.freedman@arnoldporter.com

Attorney for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RORY VAIL, JIM ADAMS, CHRISTOPHER NICKALASKEY, CLARENCE SHIRLEY, STEPHANIE OLRUN, NICK EPHAMKA, JR., ANTHONY GILLIAM, GAVIN CHRISTIANSEN, JEREMY WHITLOW, AND NAOMI HOLT, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED,<br><br>        Plaintiffs,<br><br>v.<br><br>MICHAEL DUNLEAVY, GOVERNOR OF ALASKA; JENNIFER WINKELMAN, COMMISSIONER OF THE ALASKA DEPARTMENT OF CORRECTIONS; AND TRAVIS WELCH, DEPARTMENT OF CORRECTIONS DIRECTOR OF HEALTH AND REHABILITATION SERVICES, IN THEIR OFFICIAL CAPACITIES,<br><br>        Defendants. | Case No. 3:25-cv-00086-SLG |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DEFENDANTS' PARTICIPATION IN FED. R. CIV. P. 26(f) CONFERENCE OR TO IMPOSE SCHEDULE**

Defendants' opposition (Dkt. 50) offers no compelling reason why a Rule 26(f) conference should not proceed, nor does it explain why Defendants (i) agreed to (but then unilaterally, at the last minute) cancelled the Rule 26(f) conference scheduled for July 16, and (ii) made (but then unilaterally withdrew) a proposal to reschedule the Rule 26(f) conference for the week of July 28. Plaintiffs moved to compel Defendants' participation in a Rule 26(f) conference or to impose a case schedule because of the need to move this case forward due to Defendants' pervasive constitutional violations failing to protect Plaintiffs and the putative class from a substantial risk of serious harm.[1]

## ARGUMENT

Defendants assert that they cannot participate in a Rule 26(f) conference because of their pending motion to dismiss. That argument is belied by the law as well as their prior conduct – most notably their prior agreement to conduct the Rule 26(f) conference on July 16 and their subsequent request to reschedule the conference during the week of July 28. None of these prior communications mentioned any concern about a pending motion to dismiss. *See* Mot. at 3-4, Dkt. 49-2.

In opposition, Defendants now argue that "they have been responsive in communicating with Plaintiffs" and informed Plaintiffs of a concern that "the Court has not issued a scheduling order or set a pretrial conference." Dkt. 50 at 4. Neither changes the fact that pursuant to Rule 26(f), "the parties must confer *as soon as practicable.*" Even so, Defendants refuse to do so. That the Court has not issued a scheduling order does not dispense with this express obligation.

---

[1] For example, and in particular, Plaintiffs' counsel have requested documents, including medical records, for named Plaintiff Mr. Vail, who recently suffered a ruptured spleen and received inadequate treatment. Ex. 1 at 1. Defendants dispute this account, and yet refuse to provide his medical records. Dkt 49-3 at 2.

Defendants further accuse Plaintiffs of "refus[ing] to discuss [Defendants'] concern" regarding the scheduling order. Dkt. 50 at 4. Not so. Instead, Plaintiffs have maintained that the parties should confer and informed Defendants that attorney unavailability does not amount to good cause for delaying the Rule 26(f) conference. Dkt. 49-2 at 2. Plaintiffs' efforts to obtain input from Defendants on the Scheduling and Planning Conference Report and pursue limited discovery reflect Plaintiffs' urgent need to proceed with this litigation and obtain critical information about their medical care.

In response to Plaintiffs' efforts to comply with the obligation under Rule 26(f) and to obtain a limited set of key documents, Defendants have refused to (1) confer until after the Court rules on the motion to dismiss, (2) provide any input on the Plaintiffs' proposed Scheduling and Planning Conference Report, or (3) produce a limited set of documents. Dkt. 49-3 at 2.

To justify their refusal to confer, with the practical effect of obtaining a stay, Defendants point to their motion to dismiss. A pending motion to dismiss, however, does not automatically trigger a stay of discovery. *See Doe v. Rodriguez*, 2023 WL 2794027 at *2 (E.D. Cal. Apr. 5, 2023) ("the Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending"); *Edmonds v. Amazon.com, Inc.*, 2020 WL 8996835, at *1 (W.D. Wash. Mar. 6, 2020) ("A pending motion to dismiss is generally not grounds for staying discovery.").

Nor is a stay warranted in this case. When considering a stay, "courts take a preliminary peek at the merits of the dispositive motion to assess whether a stay is warranted." *Dorian v. Amazon Web Servs., Inc.*, 2022 WL 3155369, at *1 (W.D. Wash. Aug. 8, 2022). Here, Defendants argue that a stay is proper because the limited discovery Plaintiffs request is "irrelevant" to whether Plaintiffs' complaint is barred by the *Cleary* litigation and "the legal doctrines of res judicata and

issue preclusion, and the Rooker-Feldman doctrine." Dkt. 50 at 9. But a "preliminary peek" at the motion to dismiss reveals that the issues raised are not those that warrant delaying the Rule 26(f) conference. *See Dorian*, at *2 (finding "the applicability of the Illinois extraterritoriality doctrine and the Constitution's Dormant Commerce Clause—does not present such threshold issues"). Further, there are immediate constitutional ramifications of permitting a settlement—reached more than thirty years ago in state court—to bar the federal claims in federal court of people who were not incarcerated (or in some cases born) at that time and had no voice as to whether they should join the class or be subject to the settlement. Plaintiffs dispute that *Cleary* warrants dismissal of this case and will address the merits of Defendants' motion in full in their forthcoming opposition. More fundamentally, Defendants' arguments in the motion to dismiss do not warrant them disregarding the requirements of Rule 26(f) that parties to litigation confer as soon as practicable.

Despite the harm and prejudice caused to Plaintiffs by delaying the Rule 26(f) conference and discovery period, Defendants fail to show any burden they would face by proceeding now. While Defendants refer to "a major discovery burden," they fail to articulate with any particularity what that burden might be. Dkt. 50 at 7. *See Panola Land Buyers Ass'n v. Shuman,* 762 F.2d 1550, 1559 (11th Cir. 1985) (conclusory recitations of expense and burdensomeness are not sufficiently specific to demonstrate why discovery is objectionable); *Burns v. Imagine Films Entertainment, Inc.,* 164 F.R.D. 589, 592–93 (W.D.N.Y. 1996) (general objections that discovery request was overbroad, vague and unduly burdensome were not sufficiently specific to allow court to ascertain objectionable character of discovery request and were improper).

At this stage, Plaintiffs have identified a limited set of documents they seek in discovery: (1) the DOC's policies and procedures regarding health care and (2) recent treatment documents, RFI or other submitted paperwork, transport records, incident reports, and video footage from the

medical files of the lead named plaintiff, Mr. Vail. Ex. 1 at 1; Dkt. 49-2 at 2; Dkt. 49-3 at 2. Defendants assert, without support, that this would entail "a major discovery burden." Dkt. 50 at 7. Not so. To be clear, Plaintiffs are not, at this stage, requesting full-fledged discovery. Instead, Plaintiffs identified a limited set of discovery which balances the parties' competing concerns.

Defendants, however, fail to explain the burden imposed by collecting and producing their own policies and procedures related to the provision of health care. Such critical documents should be readily accessible to DOC employees, especially if Defendants in fact adhere to those policies and procedures. Similarly, Defendants fail to explain the burden imposed by collecting and producing documents from the medical files of a single person, Mr. Vail. Defendants apparently reviewed Mr. Vail's medical records recently because they confirmed that the recent medical emergency regarding his spleen is documented therein. Dkt. 49-3 at 2 ("He has received appropriate medical care which will be documented during the course of discovery."). Unable to articulate a burden, Defendants simply refuse to produce the requested documents until the discovery period. Dkt. 49-3 at 2.

Defendants' reliance on *Vineyard Investigations v. E.J. Gallo Winery*, 2020 WL 7342632 (E.D. Cal. Dec. 14, 2020) and *Jeremiah M. v. Crum*, 2022 WL 17082117 (D. Alaska Nov. 17, 2022) is misplaced. In *Vineyard Investigations*, while the parties first agreed to confer in January 2020, the Defendant only declined to attend the conference after the court continued the scheduling conference *sua sponte* by approximately six months pending the motion to dismiss. 2020 WL 7342632 at *1. The court then continued the scheduling conference *sua sponte* on three other occasions (during the peak of the COVID epidemic) until May 2021, nearly a year and a half later, pending the motion to dismiss. *Id*. at *1-2. When the court denied the motion to compel, it opined that doing so "until after the resolution of Defendant's motion to dismiss in this case is an

4

appropriate exercise of litigation economy and judicial efficiency—*particularly given the judicial and public health emergencies* in which this Court is currently mired." *Id*. at *3 (emphasis added). Here, although the scheduling conference has not yet been scheduled, no months-long extensions or continuances have occurred and no such public health emergencies exist. Contrary to Defendants' claim, the circumstances in *Vineyard Investigations* are not "identical to this case." Dkt. 50 at 5.

*Jeremiah M.* is also distinguishable. There, the court denied Defendants' motion to stay as moot because discovery had not yet been opened. *Jeremiah M.*, 2022 WL 17082117 at *3. It did delay the Rule 26(f) conference, acknowledging that this action had the "practical effect" of a stay. *Id*. at *4. But in delaying the Rule 26(f) conference, the court found that (1) Defendants had already produced a limited set of discovery and (2) the parties agreed that discovery was unnecessary to resolve the pending motion to dismiss. *Jeremiah M.*, 2022 WL 17082117 at *1, 4. Here, Defendants refuse to produce *any* of the limited discovery requested by Plaintiffs and the parties dispute the need for discovery to resolve the motion to dismiss. Accordingly, neither case supports a delay of the Rule 26(f) conference and discovery.

**CONCLUSION**

Plaintiffs respectfully request that the Court order Defendants to participate in a Rule 26(f) conference within a week of the Court's order, or in the alternative, issue a Rule 16(b) order setting a schedule.

Dated: August 6, 2025

Respectfully Submitted:

Nancy Rosenbloom, NY 2168425*
AMERICAN CIVIL LIBERTIES FOUNDATION
125 Broad St.
New York, NY 10004
Tel. 202-393-4930
nrosenbloom@aclu.org

David C. Fathi, Wash. 24893**
Joseph Longley, D.C. 90031392*
Alyssa Gordon, Ga. 592415**
AMERICAN CIVIL LIBERTIES FOUNDATION
915 15th Street, N.W.
Washington, D.C. 20005
Tel. 202-393-4930
dfathi@aclu.org
jlongley@aclu.org
akgordon@aclu.org

Corene T. Kendrick, Cal. 226642*
Marisol Dominguez-Ruiz, Cal. 345416*
AMERICAN CIVIL LIBERTIES FOUNDATION
425 California St., Ste. 700
San Francisco, CA 94104
Tel. 202-393-4930
ckendrick@aclu.org
mdominguez-ruiz@aclu.org

Jeffrey A. Miller*
ARNOLD & PORTER KAYE SCHOLER LLP
3000 El Camino Real
Five Palo Alto Square, Suite 500
Palo Alto, CA 94306
Tel. 650-319-4500
jeffrey.miller@arnoldporter.com

Luke Westerman*
ARNOLD & PORTER KAYE SCHOLER LLP
1144 Fifteenth Street
Suite 3100
Denver, CO 80202
Tel. 303-863-1000
luke.westerman@arnoldporter.com

/s/ *John Freedman* .
John A. Freedman*
Jocelyn A. Wiesner****
Katherine E. Schlusser*
Alejandra C. Uria*
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, DC 20001
Tel. 202-942-5000
john.freedman@arnoldporter.com
jocelyn.wiesner@arnoldporter.com
katherine.schlusser@arnoldporter.com
alejandra.uria@arnoldporter.com

Ruth Botstein, Alaska Bar No. 9906016
Natalie Cauley, Alaska Bar No. 2405038
Doron Levine, Alaska Bar No. 2101002***
AMERICAN CIVIL LIBERTIES UNION OF
ALASKA FOUNDATION
1057 West Fireweed Lane, Suite 207
Anchorage, AK 99503
Tel. 907-263-2008
Fax. 907-263-2016
rbotstein@acluak.org
ncauley@acluak.org
dlevine@acluak.org
courtfilings@acluak.org

Robert W. Stout* (admitted only in D.C.)
Alexander J. Potcovaru****
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019
Tel. 212-836-8000
robert.stout@arnoldporter.com
alex.potcovaru@arnoldporter.com

6

<em>Counsel for Plaintiffs</em>

\* *pro hac vice*.
\*\**Pro hac vice*. Not admitted to DC; practice limited to federal courts.
\*\*\* District Court admission forthcoming.
\*\*\*\**Pro hac vice* application forthcoming.

# CERTIFICATE OF SERVICE

I hereby certify that on August 6, 2025, a true and correct copy of Plaintiffs' Reply Memorandum in Support of Plaintiffs' Motion to Compel Defendants' Participation in Fed. R. Civ. P. 26(f) Conference or to Impose Schedule has been served to all counsel of record via the Court's CM/ECF system.