UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| RORY VAIL, JIM ADAMS, CHRISTOPHER NICKALASKEY, CLARENCE SHIRLEY, STEPHANIE OLRUN, NICK EPHAMKA, JR. ANTHONY GILLIAM, GAVIN CHRISTIANSEN, JEREMY WHITLOW, and NAOMI HOLT, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>        v.<br><br>MICHALE DUNLEAVY, Governor of Alaska, *et al.,*<br><br>        Defendants. | No. 3:25-cv-00086-SAB<br><br><br>**ORDER DENYING MOTION TO DISMISS** |

Before the Court is Defendant's Motion to Dismiss, ECF No. 46. A hearing on the motion was held by videoconference on November 24, 2025. Plaintiff was represented by Corene T. Kendrick, Robert Stout, Doron Levine, Joseph Longley Katherine Schlusser, Luke Westerman and Nancy Rosenbloom. Defendants were represented by Margaret Paton-Walsh, Andalyn Pace, and Lael Harrison.

**ORDER DENYING MOTION TO DISMISS ~ 1**

Plaintiffs and the putative class they seek to represent are people currently incarcerated in the custody of the Alaska Department of Corrections ("DOC"). They allege Defendants are violating their constitutional rights with respect to the provision of medical, mental health and dental care in the state prisons and jails. Plaintiffs are seeking declaratory and injunctive relief under 42 U.S.C. §§ 1983, and 28 U.S.C. §§ 2201, and 2202.

Defendants move to dismiss this action because Plaintiffs' claims were litigated in a prior lawsuit, *Cleary et al. v. Smith et al.*, and Plaintiffs are part of the *Cleary* class. It asserts the Final Settlement Agreement in that case is binding on the parties. They maintain redress, to the extent any is appropriate, lies in the state superior court. Additionally, Defendants argue Governor Dunleavy must be dismissed because any claim asserted against him is barred by Eleventh Amendment immunity.

## Motion Standard

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

When evaluating a Rule 12(b)(6) motion, the court must draw all reasonable inferences in favor of the non-moving party. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). It may consider judicially noticeable facts without converting the motion into one for summary judgment. *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001).

## Section 1983

Under 42 U.S.C. § 1983, a private right of action exists against anyone who, "under color of" state law, causes a person to be subjected "to the deprivation

ORDER DENYING MOTION TO DISMISS ~ 2

of any rights, privileges, or immunities secured by the Constitution and laws ....”

The state has an obligation to provide medical care for those whom it is punishing by incarceration. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). The Eighth Amendment prohibits the infliction of "cruel and unusual punishments" on those convicted of crime. U.S. CONST. AMEND. VII. Medical care claims brought by pretrial detainees arise under the Fourteenth Amendment's Due Process Clause. *Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1124 (9th Cir. 2018).

Prison officials violate inmates' constitutional right if they are "deliberately indifferent" to a prisoner's serious medical needs. *Id*. A prison official is deliberately indifferent to that need if they know of and disregard an excessive risk to inmate health. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A medical need is serious if failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. *Peralta v. Dillard*, 744 F.3d 1076, 1086 (9th Cir. 2014) (quotation omitted).

### *Cleary* Litigation

The issue of prison conditions in Alaska has been litigated in Alaska state court since 1981. That case, known as the *Cleary* litigation, began as a state class action lawsuit brought on behalf of all present and future Alaska inmates. *See Hiser v. Franklin*, 94 F.3d 1287, 1290 (9th Cir. 1996). In the *Cleary* litigation, the plaintiffs sought declaratory and injunctive relief against the Alaska DOC to redress a variety of prison conditions. *Id.* The Final Settlement Agreement ("FSA") was approved by the Alaska state court in September 1990. *Id.* The FSA is 88 pages plus appendices, dealing with a variety of alleged "unlawful conditions or treatment," including overcrowding, inadequate running hot and cold water, unsanitary conditions, inadequate access to counsel, in adequate staffing, discriminatory treatment as well as medical conditions. ECF No. 46-5.

With respect to challenges to the medical conditions, the FSA provides that prisoners are entitled to necessary medical services comparable in quality to those

available to the general public.

**Defendant's Motion**

Defendant maintains that, pursuant to the FSA, any claims for redress within the state prison system must be brought in state court, relying on the doctrines of claim and issue preclusion, as well as the *Rooker-Felman* doctrine, the *Younger* abstention doctrine, and the *Colorado River* precedent.[1] They also assert Eleventh Amendment immunity bars claims asserted against Governor Dunleavy.

**A. Res Judicata**

To determine whether the *Cleary* litigation precludes this instant action, the Court applies Alaska res judicata law. *Hiser,* 94 F.3d at 1290. Res judicata holds that a final judgment will bar any subsequent suit on the same claim or demand, between the same parties or their privies. *Jackinsky v. Jackinsky*, 894 P.2d 650, 654 (Alaska 1995) (citation omitted).

Issue preclusion bars relitigation of issues explicitly litigated and necessary to the judgment. *Hiser*, 94 F.3d at 1290. Four elements must be met for issue preclusion to apply:

> (1) the party against whom the preclusion is employed was a party to or in privity with a party to the first action; (2) the issue precluded from relitigation is identical to the issue decided in the first action; (3) the issue was resolved by the first action by a final judgment on the merits; and (4) the determination of the issue was essential to the final judgment.

*Matter of Sasha J.*, 563 P.3d 602, 609 (Alaska 2025).

Claim prelusion bars relevant claims that could have been raised in the prior case but were not. *Hiser*, 94 F.3d at 1291. "A mere change in the legal theory asserted cannot revive an already barred action." *Id.* A matter should have been advanced in the earlier litigation if it is part of the same "transaction, or series of connected transactions, out of which the action arose. *State v. Smith*, 720 P.2d 40,

---

[1] *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976).

**ORDER DENYING MOTION TO DISMISS ~ 4**

41 (Alaska 1986).

Alaska courts recognize that res judicata must be applied carefully in the class action context. *See Ferguson v. Dep't of Corrections*, 816 P.2d 134, 138 (Alaska 1991) (noting that "out of concern that it is unfair to preclude a non-named class member from subsequent litigations, many courts modify the traditional res judicata tests when the initial litigation is a class action.").

The Court finds res judicata does not bar this instant litigation. This case and the *Cleary* case do not involve the same causes of action or the same parties. Plaintiffs in this action were not adequately represented in the *Cleary* litigation because no counsel has represented the *Cleary* case for 24 years; the *Cleary* litigation focused on prison overcrowding and its impact on prison conditions and incidentally addressed healthcare; and the *Cleary* class representatives and counsel had no incentive to vigorously protect the interests of Plaintiffs. All but one health-related DOC policies and procedures were either developed or substantially revised since the *Cleary* FSA and all were either developed or updated since 1981.

Here, Plaintiffs are focusing on the harm they suffer and the risk of suffering because of DOC's alleged constitutionally inadequate healthcare, while the FSA was to remedy a different set of injuries. Plaintiffs are alleging systemic inadequacies at every stage of the healthcare process, such as screening of serious health conditions, access to clinicians, medications, medical devices, and medical supplies, access to specialty care, access to emergency care, and the medical records system. In the *Cleary* litigation, the medical, dental, and mental healthcare claims were relatively minor aspects of the sweeping litigation and negotiations that resulted in the FSA, and most of the issues were not about healthcare. *See id.* at 138-39 (noting that the challenged drug testing procedures "constituted a relatively insignificant aspect of the litigation and negotiations.").

**B.     *Rooker-Feldman Doctrine***

The *Rooker-Feldman* doctrine prohibits federal district courts from

**ORDER DENYING MOTION TO DISMISS ~ 5**

considering "de facto appeals" suits in which the adjudication of the federal claims would undercut the state ruling. *Searl v. Allen*, 148 F.4th 1121, 1128 (9th Cir. 2025) (quotation omitted). Thus, courts must determine "whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment." *Id.* (quotation omitted). "[W]hen the federal action constitutes a forbidden de facto appeal of a state court judgment, the federal court must also refuse to decide any issue raised in the suit that is inextricably intertwined with an issue resolved by the state court in its judicial decision." *Id.* (quotations omitted). Claims are inextricably intertwined where "the relief requested in the federal action would effectively reverse the state court decision or void its ruling." *Cooper v. Ramos*, 704 F.3d 772, 779 (9th Cir. 2012) (quotation omitted).

That said, the Ninth Circuit has instructed the *Rooker-Feldman* doctrine "occupies narrow ground" and applies only in "limited circumstances" where the case (1) is brought by state-court losers; (2) complaining of injuries caused by state-court judgments; (3) rendered before the district court proceedings commenced; and (4) inviting district court review and rejection of those judgments. *Id.* (citation omitted).

Here, the *Rooker-Feldman* doctrine does not apply because Plaintiffs are not considered state-court losers and are not complaining of injuries caused by the state-court judgment. Plaintiffs are not complaining of a legal injury *caused* by a statue court judgment; rather, they assert legal injuries caused by an adverse party, which are not barred by *Rooker-Feldman*. *See Noel v. Hall*, 341 F.3d 1148, 1163 (9th Cir. 2003).

**C.** ***Younger* Abstention Doctrine / *Colorado River* exception.**

The *Younger* abstention doctrine forbids federal courts from staying or enjoining pending state court proceedings. *AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1148 (9th Cir. 2007) (quotation omitted). Four elements must be

satisfied before the *Younger* doctrine requires abstention: (1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; (3) the state proceedings provide the plaintiff with an adequate opportunity to raise federal claims; and (4) whether the court's actions would enjoin, or have the practical effect of enjoining, ongoing state court proceedings. *Id*. at 1149.

The second element is satisfied when "the State's interests in the ongoing proceeding are so important that exercise of the federal judicial power would disregard the comity between the States and the National Government." *Id.* (quoting *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 11 (1987)).

The *Younger* abstention doctrine is not at play in this matter. There are no ongoing state court proceedings; therefore, this Court's actions would not enjoin any ongoing state proceedings. Moreover, this Court has an obligation to exercise its jurisdiction to hear § 1983 actions alleging constitutional violations and exceptional circumstances under the *Colorado River*[2] analysis do not exist that would warrant the Court from abstaining for hearing this action. *See also Wilton v. Seven Falls Co*, 515 U.S. 277, 286 (1995) (noting the distinct features of the Declaratory Judgment Act justify vesting district courts with greater discretion in declaratory judgment actions than that permitted under the "exceptional circumstances" test of *Colorado River*.").

### D. Eleventh Amendment Immunity

Generally, states are immune from suit under the Eleventh Amendment and

---

[2]In *Colorado River Water Conservation Dist. v. United States*, the United States brought an action in federal district court under 28 U.S.C. § 1345, seeking a declaration of its water rights, the appointment of a water master, and an order enjoining all uses and diversions of water by other parties. 424 U.S. 800 (1976). The U.S. Supreme Court upheld the district court's dismissal of the action in deference to ongoing state proceedings.

**ORDER DENYING MOTION TO DISMISS ~ 7**

the doctrine of sovereign immunity. Thus, the Eleventh Amendment protects states from suits brought by individuals in federal court. Under the *ex parte Young* exception, however, the Eleventh Amendment does not bar actions seeking only prospective declaratory or injunctive relief against state officers in their official capacities. *Ex parte Young*, 209 U.S. 123, 155-56 (1908). For the exception to apply, the individual state official sued "must have some connection with the enforcement of the [alleged unconstitutional] act." *Id.* at 157. In addition, that connection "must be fairly direct; a generalized duty to enforce state law or general supervisory power over the persons responsible for enforcing the challenged provision will not subject an official to suit." *L.A. Cnty. Bar Ass'n v. Eu*, 979 F.2d 697, 704 (9th Cir. 1992).

"An entity invoking Eleventh Amendment immunity bears the burden of asserting and proving those matters necessary to establish its defense." *See Sato v. Orange Cnty. Dep't of Edu.*, 861 F.3d 923, 928 (9th Cir. 2017).

Defendants argue that while the Alaska Constitution provides departments are under the supervision of the governor, it does not authorize control over or responsibility for DOC operations. And while the governor may sue a state agency to comply with a law, this is just general enforcement authority, which is insufficient to implicate e*x parte Young.*

Plaintiffs point out that past governors have taken directives and actions toward the prison, such as creating the Deputy Commissioner of Adult Corrections, developing the Governor's Criminal Justice Working Group, issuing administrative orders to improve the operations of Alaska's prison, including administrative orders explicitly addressing the delivery of inmate health care, creating the role of an internal auditor, as well as ordering DOC to improve its operations and improve its provision of medical care.

Here, Governor Dunleavy is an appropriate defendant is this action because he has a relevant role in the administration of the Alaska prison system that goes

**ORDER DENYING MOTION TO DISMISS ~ 8**

beyond a generalized duty to enforce the state law. As such, the *ex parte Young* exception to Eleventh Amendment immunity applies in this action.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion to Dismiss, ECF No. 46, is **DENIED**.

2. Defendant's Motion for the Court to Take Judicial Notice of State Court Pleadings, ECF No. 45, is **GRANTED**.

**IT IS SO ORDERED**. The Clerk of Court is directed to enter this Order and forward copies to counsel.

**DATED** this 30th day of December 2025.

Stanley A. Bastian
U.S. District Court

**ORDER DENYING MOTION TO DISMISS ~ 9**